UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:13CV152-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALL FUNDS UP TO THE AMOUNT OF $712,767 IN CORRESPONDENT ACCOUNTS, HELD BY OR FOR THE BENEFIT OF PING'AN BANK, PING AN BANK, OR PINGAN BANK CO. (FORMERLY SHENZHEN DEVELOPMENT BANK), AT CITIBANK NYC, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, THE BANK OF NEW YORK MELLON, BANK OF AMERICA, BANK OF CHINA LIMITED, DEUTSCHE BANK TRUST COMPANY AMERICAS, STANDARD CHARTERED BANK, AND WELLS FARGO BANK;<br><br>ALL FUNDS UP TO THE AMOUNT OF $348,428 IN A CORRESPONDENT ACCOUNT, HELD BY OR FOR THE BENEFIT OF THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED (HSBC), AT HSBC NYC. | **CONSENT ORDER FOR THIRD PARTY CLAIM** |

**THIS MATTER** is before the Court pursuant to 18 U.S.C. § 981 and by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Claimant THE HONGKONG AND SHANGHAI

BANKING CORPORATION LIMITED ("HSBC").[1] The Government and HSBC have consented to this Consent Order for Third Party Claim as a final adjudication and settlement of all matters between HSBC and the Government with regard to the following property identified in the Amended Complaint for Forfeiture In Rem (Doc. 4):

> Up to $348,428 in funds in a correspondent account, held by or for the benefit of The HongKong and Shanghai Banking Corporation Limited (HSBC), at HSBC NYC.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. This case arises from an Amended Complaint against and the seizure of $348,428 in funds ("the Funds") from a correspondent account in the name of HSBC at HSBC Bank USA, N.A. ("HSBC USA") based on the allegation that the Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 2323 and 981(k) as funds that (1) constitute property used or intended to be used in any manner or part to commit or facilitate the commission of one or more violations of 18 U.S.C. § 2320 (trafficking in counterfeit goods) and (2) constitute property derived from any proceeds obtained directly or indirectly as a result of the commission of one or more violations of 18 U.S.C. § 2320. Specifically, the Government alleges that an amount of funds equivalent to $348,428 were deposited in an account in the name of alleged counterfeit airbag manufacturer Blue Brothers at HSBC in Hong Kong, China. Therefore, pursuant to Section 981(k) and pending claims by third parties under Section 981, the $348,428 in funds in HSBC's correspondent account at HSBC USA are subject to forfeiture

---

[1] This Consent Order should not be construed as a concession by HSBC that the Court has personal jurisdiction over HSBC.

pursuant to the aforementioned statutes on forfeiture of funds in correspondent or interbank accounts.

2. HSBC has filed a Verified Claim (Doc. 9) and provided information and documentation to the Government that, if HSBC filed an Answer and litigated this action, HSBC could satisfy the provisions of 18 U.S.C. § 981(k)(4)(B)(ii)(II) to the extent necessary to obtain the return of $342,909.35 of the $348,428.00 in funds seized from a correspondent account in the name of HSBC at HSBC USA in this case. Specifically, HSBC has provided information and documentation as follows.

3. On March 15, 2013, an agent of Homeland Security Investigations served the Second Warrant of Arrest *In Rem* on HSBC USA. On March 23, 2013, HSBC secured a copy of the Amended Complaint and identified the Blue Brothers account at HSBC which, as of that date, only held funds in a variety of currencies valued at $2,811.94. Following March 15, miscellaneous small deposits resulted in a balance valued at $5,518.65 in the Blue Brothers account at HSBC. Thus, for purposes of 18 U.S.C. § 981(k)(4)(B)(ii)(II), as of the date of this proposed Consent Order, Claimant HSBC has "discharged all or part of its obligation to the prior owner of the funds" in the amount of $342,909.35 ($348,428.00 less $5,518.65).

4. The Government agrees to return $342,909.35 to HSBC USA for deposit into a correspondent account in the name of HSBC. HSBC consents to final forfeiture of $5,518.65 seized from HSBC's correspondent account at HSBC USA and stipulates that the $5,518.65 is subject to final forfeiture pursuant to 18 U.S.C. §§ 981 and 2323.

5. The payment to HSBC shall be in full settlement and satisfaction of all claims by HSBC to the Funds and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

6.  HSBC consents to any Government motion for final order of forfeiture of the $5,518.65 seized from HSBC's correspondent account at HSBC USA.

7.  In the event that the Government becomes aware that HSBC has, intentionally or unintentionally, misrepresented the extent to which it has discharged its obligation to Blue Brothers, then the Government may, at its option, seek to forfeit an equivalent amount of funds representing the amount for which HSBC had not discharged its obligation to Blue Brothers on or before March 23, 2013. In such event, HSBC shall consent to the forfeiture of such funds and shall indemnify the Government for any costs and damages as a result of nondisclosure or misrepresentation.

8.  The Government and HSBC waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order for Third Party Claim shall be in full settlement and satisfaction of all claims between HSBC and the Government in this action and all claims between HSBC and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Funds.

9.  Unless specifically directed by an order of the Court, HSBC shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1.  Based upon the stipulations of the parties herein that HSBC satisfies 18 U.S.C. § 981(k)(4)(B)(ii)(II), the Verified Claim is granted in part.

2.  Upon direction of HSBC, the Government shall remit to a correspondent account of HSBC a total of $342,909.35 of the $348,428.00 in funds seized from the correspondent account of HSBC at HSBC USA.

3. The Government and HSBC shall bear their own costs and expenses, including attorney fees.

Signed this 21 day of June, 2013.

*Graham C. Mullen*
GRAHAM C. MULLEN
UNITED STATES SENIOR DISTRICT JUDGE

**BY CONSENT OF THE PARTIES:**

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

Benjamin Bain-Creed
Assistant United States Attorney

Dated: June 14, 2013

CHEUK MAN DEREK NG (Printed Name)
Associate General Counsel (Title)
Officer of Claimant HSBC

Dated: 14 June 2013

Alexander J. Willscher, Esq.
Attorney for Claimant HSBC

Dated: June 14, 2013

5