UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:13CV152-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ALL FUNDS UP TO THE AMOUNT OF )<br>$712,767 IN CORRESPONDENT )<br>ACCOUNTS, HELD BY OR FOR THE )<br>BENEFIT OF PING'AN BANK, PING AN )<br>BANK, OR PINGAN BANK CO. )<br>(FORMERLY SHENZHEN )<br>DEVELOPMENT BANK), AT CITIBANK )<br>NYC, JP MORGAN CHASE BANK )<br>NATIONAL ASSOCIATION, THE BANK )<br>OF NEW YORK MELLON, BANK OF )<br>AMERICA, BANK OF CHINA LIMITED, )<br>DEUTSCHE BANK TRUST COMPANY )<br>AMERICAS, STANDARD CHARTERED )<br>BANK, AND WELLS FARGO BANK; )<br>)<br>ALL FUNDS UP TO THE AMOUNT OF )<br>$348,428 IN A CORRESPONDENT )<br>ACCOUNT, HELD BY OR FOR THE )<br>BENEFIT OF THE HONGKONG AND )<br>SHANGHAI BANKING CORPORATION )<br>LIMITED (HSBC), AT HSBC NYC. )<br>) | **CONSENT ORDER FOR<br>THIRD PARTY CLAIM** |

**THIS MATTER** is before the Court pursuant to 18 U.S.C. § 981 and by consent of the

United States of America, by and through Anne M. Tompkins, United States Attorney for the

Western District of North Carolina and Claimant Ping An Bank, formerly known as Shenzhen

Development Bank or some variant thereof (hereafter, "Ping An").[1] The Government and Ping An have consented to this Consent Order for Third Party Claim as a final adjudication and settlement of all matters between Ping An and the Government with regard to the following property identified in the Amended Complaint for Forfeiture In Rem (Doc. 4):

> $712,767 in funds seized from a correspondent account held in the name of Ping An at JP Morgan Chase Bank.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. This case arises from an Amended Complaint against and the seizure of $712,767 in funds ("the Funds") from a correspondent account in the name of Ping an at JP Morgan Chase Bank based on the allegation that the Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 2323 and 981(k) as funds that (1) constitute property used or intended to be used in any manner or part to commit or facilitate the commission of one or more violations of 18 U.S.C. § 2320 (trafficking in counterfeit goods) and (2) constitute property derived from any proceeds obtained directly or indirectly as a result of the commission of one or more violations of 18 U.S.C. § 2320. Specifically, the Government alleges that an amount of funds equivalent to $712,767 were deposited in an account in the name of alleged counterfeit airbag manufacturer HK Rongan International Trading LTD or some variation thereof at Ping An in China. Therefore, pursuant to Section 981(k) and pending claims by third parties under Section 981, the $712,767 in funds in Ping An's correspondent account at JP Morgan Chase Bank are subject to forfeiture pursuant to the aforementioned statutes on forfeiture of funds in correspondent or interbank accounts.

---

[1] Although Ping An did not formally file a claim, Ping An has provided substantial information and documentation to the Government such that the Government agrees that this Consent Order and the factual stipulations herein may serve both as a claim by Ping An and a resolution of the claim by Ping An.

2

2. Ping An has provided information and documentation to the Government that, if Ping An filed a claim and an answer and litigated this action, Ping An could satisfy the provisions of 18 U.S.C. § 981(k)(4)(B)(ii)(II) to the extent necessary to obtain the return of all but sixteen cents of the $712,767 in funds seized from the correspondent account in the name of Ping An. Specifically, Ping An has provided information and documentation as follows.

3. As of the execution of the Second Warrant of Arrest in Rem (Doc. 6) on JP Morgan Chase Bank, HK Rongan held only sixteen cents in its account at Ping An in China. Thus, for purposes of 18 U.S.C. § 981(k)(4)(B)(ii)(II), as of the date of this proposed Consent Order, Claimant Ping An has "discharged all or part of its obligation to the prior owner of the funds" in the amount of almost all of the Funds, less a de minimis amount of sixteen cents that the Government does not intend to seek for forfeiture.

4. The Government agrees to return all of the Funds to JP Morgan Chase Bank for deposit into a correspondent account in the name of Ping An.

5. The payment to Ping An shall be in full settlement and satisfaction of all claims by Ping An to the Funds and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

6. In the event that the Government becomes aware that Ping An has, intentionally or unintentionally, misrepresented the extent to which it has discharged its obligation to HK Rongan, then the Government may, at its option, seek to forfeit an equivalent amount of funds representing the amount for which Ping An had not discharged its obligation to HK Rongan on or before execution of the Second Warrant of Arrest In Rem. In such event, Ping An shall consent to the forfeiture of such funds and shall indemnify the Government for any costs and damages as a result of nondisclosure or misrepresentation.

7. The Government and Ping An waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order for Third Party Claim shall be in full settlement and satisfaction of all claims between Ping An and the Government in this action and all claims between Ping An and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Funds.

8. Unless specifically directed by an order of the Court, Ping An shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Ping An satisfies 18 U.S.C. § 981(k)(4)(B)(ii)(II), upon direction of Ping An, the Government shall remit to a correspondent account of Ping An a total of $712,767 in funds seized from the correspondent account of Ping An at JP Morgan Chase Bank.

2. The Government and Ping An shall bear their own costs and expenses, including attorney fees.

Signed this 23 day of July, 2013.

GRAHAM C. MULLEN
UNITED STATES SENIOR DISTRICT JUDGE

**BY CONSENT OF THE PARTIES:**

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: July 22, 2013
Benjamin Bain-Creed
Assistant United States Attorney

_____  Dated: 18. 7. 2013
Xu Jin
Chief Legal Executive Officer
Ping An Bank

_____  Dated: 7/19/13
Steven R. Glaser, Esq.
Attorney for Claimant Ping An Bank

_____  Dated: 7/19/2013
Megan P. Tosner-McFadden, Esq.
Attorney for Claimant Ping An Bank